IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIK PETERSON, et al | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 15-cv-05030-GAM |
| SEAN WOLFINGTON, et al | : | |
| Defendants. | : | |

## **MEMORANDUM**

Plaintiffs have filed a motion to compel answers to their third request for production of documents. Doc. No. 125. These requests seek copies of attorney representation and fee agreements between the defendants' counsel, Marshall Dennehey Warner Coleman & Goggin, and a number of individuals, including the defendants. Doc. No. 125-2, at 2-3. Plaintiffs allege that the burdens attendant on production of the documents is minimal, the documents are relevant to the controversy between the parties, and the documents are not privileged. Doc. No. 125-1, at 3-4. The defendants have objected to these requests for a variety of reasons, including that they are of marginal relevance to the parties' controversy, are protected trade secrets, are sought in order to "tarnish counsel with the specter of impropriety for having conflicts of interest," and are not "proportional to the needs of the case." Doc. No. 126, at 2-3 (citing to Fed. R. Civ. P. 26(b)(1)).

Plaintiffs argue that the fee agreements are relevant to the disputes between the parties as a means of measuring the reasonableness of plaintiffs' attorney's fee request, in the event there is a future claim for attorney's fees. Doc. No. 125-1, at 2. Alternatively, plaintiffs suggest the agreements may be relevant if conflicts of interest develop between the defendants and various witnesses represented by Marshall Dennehey. *Id.,* at 2-3.

Citing to Rule 1.7 of the Pennsylvania Rules of Professional Conduct, the plaintiffs argue that these conflicts may develop if witnesses give testimony unfavorable to the defendants, as Marshall Dennehey might then have a difficult choice between potentially conflicting interests of the defendants and the witnesses. *Id.* Plaintiffs also suggest that if an attorney/client relationship "does not exist or was improperly manufactured to prevent independent access to [the witnesses]," plaintiffs would be entitled to discovery of the retainer and fee agreements. *Id.*

First, I do not view defendants' fee arrangements as having significant probative value to the question – if and when the question becomes ripe – of the reasonableness of plaintiffs' attorney's fees. While the defendants' attorney's fees may be relevant under Fed. R. Evid. 401's relaxed standard, it is difficult to see how such evidence could be much more than marginally relevant. Nor is there is any present need for this information. If plaintiffs' claim matures and attorney's fees become an issue, there will be time enough to consider a request for limited additional discovery.

Second, Rule 1.7 of the Pennsylvania Rules of Professional Conduct reads as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1) the representation of one client will be directly adverse to another client; or
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent.

Plaintiffs have made no allegation of a "concurrent conflict of interest." They have not established that the representation of various witnesses "will be directly adverse to the [defendants]" and have not established that "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Pa. RPC 1.7(a)(1) and (2). This particular rule of professional conduct is designed to preserve a lawyer's "[l]oyalty and independent judgment[,]" which are "essential elements in the lawyer's relationship to a client." *Id.,* at *Comment,* § 1.

"[C]ommon representation of persons having similar interests in civil litigation is proper if the requirements of paragraph (b) are met." *Id., Comment,* § 23. Here, the witnesses are not parties to the litigation. In addition, there is no indication that the witnesses have such a divergence of interest with the defendants that common representation would be prohibited categorically under the rule. Nor has there been any indication of any impropriety by Marshall Dennehey in representing the witnesses. For instance, there is no indication the firm has failed to provide advice required under Rule 1.7(b), if warranted.[1]

---

[1] As there is no allegation nor indication of the existence of a "concurrent conflict," of the type that would require disclosure and consent under Rule 1.7(b), I am not suggesting that such advice was required here, only that there is no basis in the record for believing that anything untoward has gone on.

The Rules of Professional Conduct are not designed "as an addition to the depressingly formidable array of dilatory strategies already part of the litigator's arsenal." *Caracciolo v. Ballard*, 687 F. Supp. 159, 160-61 (E.D. Pa. 1988). Courts are understandably cautious when confronted with a motion resting on a supposed conflict of interest that does not involve the complaining party. *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161 (3d Cir. 1984) (noting a Circuit split and assuming without deciding that only a former client can raise a disqualification claim). The reason for the caution is the fear that one could use the rules of professional conduct as a "procedural weapon." *See Wolf, Block, Schorr & Solis-Cohen v. Navon*, No. Civ.A. 05-6038, 2006 WL 680915, at *1 (E.D. Pa. Mar. 9, 2006) (citing *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994); *Commonwealth Ins. Co. v. Graphix Hotline, Inc.*, 808 F. Supp. 1200, 1203 (E.D. Pa. 1992); *Hamilton v. Merrill Lynch*, 645 F. Supp. 60, 61 (E.D. Pa. 1986)). Obviously a court has a duty to inquire when an actual conflict becomes apparent or when there is "a showing of a serious potential for conflict." *See United States v. Moscony*, 927 F.2d 742, 750 (3d Cir. 1991). Here, there is no indication of a current conflict, only speculation about the possibility of a conflict arising in the future.

Given the advanced stage of discovery in this case, and the ample discovery plaintiffs have obtained already concerning defendants' financial condition, I am convinced the plaintiffs' motion should be denied. I agree with the defendants that the potential mischief and burden of producing this information is out of all proportion to any legitimate benefit to plaintiff. *See Moffitt v. Tunkhannock Area Sch. Dist.*, CV 3:13-1519, 2016 WL 4271773, at *4 (M.D. Pa. Aug. 15, 2016).

Accordingly, plaintiffs' motion will be denied.

                                        **BY THE COURT:**

                                        *s/Richard A. Lloret*
                                        **RICHARD A. LLORET**
                                        **UNITED STATES MAGISTRATE JUDGE**